**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **NILDA AGUILAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-05-326** |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Institutional Division,** | § | |
| **Respondent.** | § | |

**ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Hilltop Unit in Gatesville, Texas.  Proceeding pro se, petitioner filed a writ of habeas corpus on July 5, 2005 pursuant to 28 U.S.C. § 2254.  (D.E. 1).  On July 5, 2005, petitioner also filed a motion for appointment of counsel and for issuance of a bench warrant to meet with her appointed counsel.  (D.E. 2).

There is no constitutional right to counsel in federal habeas proceedings. Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992).  Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an

evidentiary hearing.  Petitioner's request for counsel is premature.  At this stage of her case, there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned <u>sua sponte</u> if there are issues which mandate an evidentiary hearing.  Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident.  Rule 6(a) of the Rules Governing § 2254 Cases; <u>Thomas v. Scott</u>, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Additionally, petitioner's request for issuance of a bench warrant to meet with her appointed counsel is moot because no appointment of counsel will be made at this time.  Should petitioner's presence become necessary, a writ will issue at that time and petitioner will be notified.

Accordingly, petitioner's motions for appointment of counsel and for issuance of a bench warrant, (D.E. 2), are DENIED without prejudice.

ORDERED this 14th day of July 2005.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE