IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NILDA AGUILAR, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | C.A. NO. C-05-326 |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
|    Respondent. | § | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

  Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Hilltop Unit in Gatesville, Texas. Proceeding pro se, petitioner filed a writ of habeas corpus on July 5, 2005 pursuant to 28 U.S.C. § 2254. (D.E. 1). On December 31, 2005, petitioner mailed a motion for appointment of counsel and for issuance of a bench warrant[1] to meet with her appointed counsel, which was filed with the Court. (D.E. 28).

  Petitioner additionally motions for an extension of time to respond to respondent's motion for summary judgment. Id. This response is currently due on January 23, 2006. She requests an extension of thirty days.

  There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same). In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to

---

[1] The proper name of what petitioner is requesting is a writ of habeas corpus ad testificandum.

the appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.

Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner's request for counsel is premature. At this stage of his case, there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel, (D.E. 28), is DENIED without prejudice. Furthermore, the motion for the issuance of the bench warrant is also DENIED. Finally, the court grants petitioner's motion for an extension of time, (D.E. 28), in that she may file her response to respondent's motion for summary judgment no later than **January 30, 2006**.

ORDERED this 9th day of January 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE