IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NILDA AGUILAR, § | | |
|       Petitioner, § | | |
| § | | |
| v. § | | C.A. NO. C-05-326 |
| § | | |
| DOUGLAS DRETKE, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Institutional Division, § | | |
|       Respondent. § | | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Hilltop Unit in Gatesville, Texas. Proceeding pro se, petitioner filed a writ of habeas corpus on July 5, 2005 pursuant to 28 U.S.C. § 2254. (D.E. 1).

On July 5, 2005, petitioner also filed a motion for appointment of counsel and for issuance of a bench warrant[1] to meet with her appointed counsel. (D.E. 2). On July 14, 2005, the Court denied that motion. (D.E. 7). On October 13, 2005, petitioner again filed a motion for appointment of counsel and for issuance of a bench warrant to meet with her appointed counsel. (D.E. 16). That motion was

---

[1] The proper name of what petitioner is requesting is a writ of habeas corpus ad testificandum.

denied as well. Petitioner has refiled her motion for appointment of counsel and for issuance of a bench warrant to meet with her appointed counsel. (D.E. 38).

There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same). In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to the appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.

Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner's request for counsel is premature because at this stage of her case, there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995). A memorandum and recommendation has been issued that addresses a potential evidentiary hearing. (D.E. 35). However, the district judge has not yet determined whether an evidentiary hearing is necessary.

Additionally, petitioner's request for issuance of a bench warrant to meet with her appointed counsel is moot because no appointment of counsel will be made at this time. Should petitioner's presence become necessary, a writ will be issued at that time, and petitioner will be notified.

Accordingly, petitioner's motions for appointment of counsel and for issuance of a bench warrant, (D.E. 38), are DENIED.

ORDERED this 28th day of March 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE