IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NILDA AGUILAR | § | |
| | § | |
| v. | § | C.A. NO. C-05-326 |
| | § | |
| DOUG DRETKE | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed a motion for a certificate of appealability ("COA"). (D.E. 44). For the reasons stated herein, it is respectfully recommended that the Court deny petitioner's motion.

## I. PROCEDURAL BACKGROUND

Petitioner filed a petition for writ of habeas corpus with the Court on July 5, 2005. (D.E. 1). On December 22, 2005, respondent filed a motion for summary judgment to dismiss petitioner's motion. An amended memorandum and recommendation was issued, recommending that petitioner's action be dismissed as time barred. (D.E. 35). The Court issued an order adopting this recommendation and granting respondent's motion for summary judgment. (D.E. 41). A final judgment dismissing petitioner's habeas petition as time barred was filed on the same day. (D.E. 42).

On June 26, 2006, petitioner filed a motion for certificate of appealability from the final judgment. (D.E. 44).

## II.  DISCUSSION

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has made no showing that reasonable jurists might disagree about the correctness of this Court's ruling. Additionally, her habeas action was dismissed as time barred. Because the dismissal is based on a plain procedural bar, reasonable jurists could not find that

2

the court erred.

Based on well-established Supreme Court precedents, petitioner has failed to establish that a COA is appropriate in her case.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack, 529 U.S. at 484.  Thus, it is respectfully recommended that she be denied a COA.  It is further respectfully recommended that petitioner be advised that she may request the issuance of a COA from a circuit court of appeals judge.  See Fed. R. App. P. 22(b).

### III.  RECOMMENDATION

It is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 30th day of June 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure, Rule 8(b) of the Rules Governing §2254 Cases, and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).