IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NILDA AGUILAR | § | |
| | § | |
| v. | § | C.A. NO. C-05-326 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, and who is currently incarcerated at the Nueces County Jail in Corpus Christi, Texas pursuant to a bench warrant. Proceeding pro se, petitioner filed a writ of habeas corpus on July 5, 2005 pursuant to 28 U.S.C. § 2254. (D.E. 1).

On June 2, 2006, her petition was dismissed and final judgment was entered. (D.E. 41, 42). The Fifth Circuit denied her motion for a certificate of appealability. (D.E. 52). The Supreme Court denied her petition for a writ of certiorari. (D.E. 57). Pending is petitioner's letter motion for the appointment of counsel. (D.E. 58).

On July 5, 2005, petitioner also filed a motion for appointment of counsel and for issuance of a bench warrant to meet with her appointed counsel. (D.E. 2). On July 14, 2005, the Court denied that motion. (D.E. 7). On October 13, 2005, she again filed a motion for appointment of counsel and for issuance of a bench warrant to meet with her appointed counsel. (D.E. 16). That motion was denied as well. (D.E. 17). She filed a third motion for appointment of counsel and for issuance of a bench warrant to meet with her appointed counsel. (D.E. 38). The third motion also was denied. (D.E. 40).

There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of

appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same). In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to the appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.

Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Petitioner's habeas claim was dismissed and all of her appeals have been exhausted. She is currently in Corpus Christi to testify at the retrial of her co-defendant. She references DNA and an attached affidavit by her trial counsel as special circumstances that may warrant her habeas relief based on a claim of actual innocence. To the extent that she is seeking to have the DNA tested, she must make a motion with the state trial court. See Tex. Code Crim. Proc. art 64.01. Similarly, any actual innocence claims must first be presented to the state courts. See Parr v. Quarterman, 472 F.3d 245, 253 (5th Cir. 2006).

Accordingly, petitioner's letter motion for appointment of counsel, (D.E. 58), is hereby DENIED.

ORDERED this 7th day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE